USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/6/2022

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**JOHN SCHEMITSCH**
*Senior Counsel*
Tel.: (212)356-3539
Fax: (212) 356-3509
jschemit@law.nyc.gov

July 5, 2022

**VIA ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Amaury Urena v. City of New York, et al., 22-CV-01189 (VEC)(KHP)

Your Honor:

I am a Senior Counsel in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York and the attorney assigned to the above-referenced matter.[1] I write on behalf of defendant City to respectfully request that the Court stay this action, and adjourn all deadlines, including the Valentin Order, due July 5, 2022, and the Rule 33.2 Interrogatories and Requests for Production Documents responses, due July 6, 2022, as well as any conferences in this case, *sine dine*, pending the conclusion of the New York City Department of Correction investigation into the underlying incident giving rise to this matter. This is the City's first request for a stay. As plaintiff is currently incarcerated, defendant was unable to ascertain his position.

By way of background, plaintiff, who is proceeding *pro se*, is alleging, *inter alia*, that he was subjected to excessive force, deliberate indifference, and failure to provide medical care in connection with interconnected incidents that occurred on January 7, 2022; January 8, 2022; and January 14, 2022, while in DOC custody. (See ECF No. 2). Specifically, plaintiff alleges that on January 7, 2022, he "wandered off" toward a different housing unit with other inmates, on their way back to their assigned housing, they were met with prison officials who threatened them with chemical spray, so plaintiff and the other inmates ran from the prison officials. (See id.). Plaintiff claims he was eventually cornered and, with his hands up, was

[1] This case has been assigned to Assistant Corporation Counsel Victoria Carballo, who is presently awaiting admission to the Bar and is handling this matter under supervision. Ms. Carballo may be reached directly at (332) 323-0803, or by email at vcarball@law.nyc.gov.

sprayed with pepper spray; plaintiff then alleges he was made to wait 30 minutes for medical attention before he was strip searched and asked to get on an X-Ray machine. (See id.). Plaintiff's remaining claims are related to denial of medical care which purported began as a result of the January 7th incident and ensuing encounters with DOC staff and fellow inmates.

Plaintiff filed this lawsuit on February 11, 2022. (See id.). Waivers of service were returned executed for Captain Pine and Captain Clarke on March 18, 2022, and for the City of New York on March 31, 2022, with their responses to plaintiff's complaint due August 1, 2022. (See ECF Nos. 12, 14, 17, 18). DOC returned unexecuted waivers of service for the remaining named defendants, Captain Chmut, Captain Johnson, and C.O. Gordon. (See ECF No. 13). This office is subject to a Valentin Order to identify an Officer John Doe and an Officer Jane Doe, due July 5, 2022, and defendant's responses to Rule 33.2 Interrogatories and Requests for Production of Documents are due by July 6, 2022, per the Court's Order, dated March 8, 2022. (See ECF Nos. 7, 15, 16, 18). Presently, the Initial Case Management Conference is scheduled for August 15, 2022. (See ECF No. 18).

Firstly, this office apologizes for submitting this request for a stay the day the Valentin response is due. This office only recently confirmed on June 30, 2022, that the pending investigation pertained only to the January 7, 2022 incident. However, as plaintiff's claims stem from the incident of January 7, 2022, when he was chemically sprayed after wandering off and then fleeing from officers, defendant respectfully requests the Court stay the entire matter until the investigation is complete and closed. Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); Volmar Distributors, Inc. v. N.Y. Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). Notably, federal courts are authorized to stay a civil action pending the outcome of a related proceeding. See Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings…when the interests of justice seem…to require such action.") (internal quotation marks and citations omitted).

First, DOC's investigation outcome may impact representation of the individually named defendants by this office, should there be disciplinary consequences. Before this office may assume representation of any individual defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. See N.Y. Gen. Mun. Law § 50-(k); Mercurio v. City of New York, 758 F.2d 862, 864–65 (2d Cir. 1985). Consequently, this office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred" before representation decisions can be made. See § 50-(k)(2); see also Mercurio, 758 F.2d at 864–65; Muniz v. City of New York, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting a stay where individual defendants are pending resolution of internal agency investigation). Therefore, because DOC's investigation is open, this office would be unable to make appropriate representation determinations, regardless, until the investigation was complete and closed. Furthermore, in light of the Court's Valentin Order, this office has been tasked with identifying the John Doe officer who plaintiff claims pepper sprayed him, an identification that has been hindered by the open investigation into the very incident in question. It would be beneficial to all parties to stay this instant matter pending the close of DOC's investigation so that this office may have access to the investigation report which will likely contain fully identification details on the John Doe officer.

Second, defendant cannot appropriately respond to plaintiff's complaint, in accordance with Rule 11 of the Federal Rules of Civil Procedure, until this office is able to adequately investigate plaintiff's allegations, including reviewing relevant documents and speaking with, and identifying, defendants. Until the investigation closes, this office will have limited access to any documents, recordings, or other information regarding the incident on January 7, 2022 as they are protected by law enforcement privilege. Law enforcement privilege is intended to "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." Nat'l Congress for Puerto Rican Rights v. City of New York, et al., No. 99 Civ. 1694 (SAS), 2000 U.S. Dist. LEXIS 4448, **5–6 (S.D.N.Y. Apr. 7, 2000) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1998)). Additionally, any such documents may be undisclosable while the investigation is pending by the deliberate process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege). Where this office is unable to access DOC documents and recordings of the incident, we are prevented from adequately responding to the complaint, or forming our defense. Thus, if a stay is denied, defendant will be unable to effectively respond to the complaint, fully participate in court conferences, or prepare discovery in accordance with the time deadlines set forth in Local Civil Rule 33.2.

Lastly, plaintiff will not be prejudiced by a temporary stay in this case. In fact, the conclusion of DOC's investigation will likely produce relevant documents that can be used to identify the John Doe as well as potentially camera footage, injury to inmate reports, and other crucial documents, that will be disclosed to plaintiff during discovery to be used by all parties in support of litigation.

In sum, defendant City respectfully requests that the Court stay this action, and adjourn *sine dine* all deadlines and conferences in this case, pending the conclusion of the New York City Department of Correction investigation into the underlying incident giving rise to this matter.

Thank you for your consideration herein.

Defendants' request is granted in part and denied in part. The initial case management conference scheduled for August 15, 2022 shall proceed as scheduled. The City shall be prepared to discuss the status of the DOC investigation, compliance with the Court's Valentin Order, and the case management plan. This action is stayed until August 15, 2022. Defendants shall send a copy of this endorsement to Plaintiff.

**SO ORDERED:**

Katharine H Parker

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

7/6/2022

Respectfully submitted,

/s/
John Schemitsch
*Senior Counsel*
Special Federal Litigation Division

cc: **VIA FIRST-**
Amaury Urena
2412102214
N.I.C.
15-00 Hazen St.
East Elmhurst, NY 11370