

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**NICOLETTE PELLEGRINO**
*Assistant Corporation Counsel*
Tel.: (212) 356-2338
Fax: (212) 356-3509
npellegr@law.nyc.gov

October 12, 2022

**VIA E.C.F.**
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

              Re:    Amaury Urena v. City of New York, et al., 22-CV-01189 (VEC) (KHP)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant the City of New York ("City") in this matter.[1] The City writes in accordance with the Court's August 15, 2022 Order (Dkt. No. 27) to respectfully: (a) "file a status letter by October 14, 2022"; (ii) provide a partial response the Court's Valentin Order; and (iii) request (a) a sixty day extension of time from October 14, 2022, to December 13, 2022, to further respond to the Court's Valentin Order, (b) a sixty day extension of time from November 14, 2022, to January 13, 2022, for the City to respond to the Complaint, and (c) that the Court *sua sponte* grant an extension of time for Captains Clarke and Pines to respond to the Complaint from November 14, 2022, to January 13, 2023.[2]

        This is the third request for an extension of time to respond to the Court's Valentin Order and the second request for an extension of time to respond to the Complaint. The City has not been able to ascertain Plaintiff's position on this request due to his current incarceration status.

**I.     Relevant Background**

        Plaintiff, who is presently incarcerated and proceeding *pro se,* filed the Complaint on February 11, 2022. (See Dkt. No. 2.) Liberally construed, Plaintiff alleges federal claims of, *inter alia*, excessive force and denial of adequate and timely medical attention while in New York City

---

[1] This case has been assigned to Assistant Corporation Counsel Mary Jane Anderson, who is not yet admitted to the New York State Bar. Ms. Anderson is handling this matter under my supervision and may be reached at (212) 356-2415 or maanders@law.nyc.gov.

[2] The Office of the Corporation Counsel does not represent Captains Clarke or Pines at this time. Thus, this application is not being made on their behalf.

Department of Correction ("DOC") custody. (See id.) On March 8, 2022, the Court directed the City to identify:

> (1) the John Doe correction officer who sprayed Plaintiff with a chemical agent after 7:00 p.m. on January 7, 2022; (2) the Jane Doe correction officer who was in charge of the intake post after 7:00 p.m. on January 7, 2022; and (3) any other correction officer, captain, or member of the ESU who was involved in the events occurring between January 7, 2022, and January 14, 2022.

(Dkt. No. 7.)

On July 5, 2022, the City filed a motion to stay this action due to an ongoing DOC investigation into the January 7, 2022 incident giving rise to this matter. (See Dkt. No. 21.) On July 6, 2022, the Court granted the City's motion, in part, staying this case until August 15, 2022. (See Dkt. No. 23.)

On August 12, 2022 the City requested an extension of time to respond to the Complaint and respond to the Valentin Order. (See Dkt. No. 25.) On August 15, 2022, the Court granted the City's request and extended the time to respond to the Complaint to November 14, 2022, and the time to respond to the Valentin to October 14, 2022. (See Dkt. No. 27.)

Most recently, the City was informed by DOC that the investigation related to the underlying incident is still ongoing.

## II. Partial Response to the Court's Valentin Order

In accordance with the Court's Order, the City commenced an investigation with DOC into the identities of the "John Doe" correction officers. Upon review of documents received from DOC to date, upon information and belief, Correction Officer Alexis Viruet (Shield #2033) completed an Injury to Inmate Report concerning Plaintiff's involvement in a January 7, 2022 use of force. Officer Viruet is an active DOC employee and is currently assigned to the Robert N. Davoren Complex, 11-11 Hazen Street, East Elmhurst, New York 11370. The City has confirmed with DOC that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than personal service at a DOC facility, as long as the employee is still active at DOC.

## III. The City Respectfully Requests until December 13, 2022 to Further Respond to the Valentin Order.

As noted above, the DOC investigation related to this lawsuit is still ongoing. Nevertheless, the City has begun its investigation in accordance with the Valentin Order. However, while the City has been able to receive and review *some* documents, the City is unable to obtain the investigative file, which is anticipated to provide insight on the identities of the "John Doe" correction officers noted in the Valentin Order. Once the City receives all of the relevant documentation and/or materials, which will likely not occur until DOC's investigation has concluded, the City must conduct a thorough review of all materials to ascertain the sought-after

"John Doe" identities. Accordingly, the City respectfully requests a sixty day extension of time to supplement this response to the Valentin Order from October 14, 2022, until December 13, 2022.

IV.   **The City Respectfully Requests an Extension of Time to Respond to the Complaint, and that the Court *sua sponte* Extend the Time for Captains Pines and Clarke to Respond the Complaint.**

There are several reasons for seeking an extension of time in this matter. First, in accordance with the Office of the Corporation Counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure, the Office requires time to investigate the allegations set forth in the Complaint. However, as detailed in the City's July 5, 2022 Letter Application, until DOC's investigation is concluded, this Office will have limited access to any documents, recordings, or other information regarding the incident. (See Dkt. No. 21.) Thus, this Office is unable to adequately investigate Plaintiff's allegations and prepare a response to the Complaint at this time. The requested enlargement of time will afford this Office an opportunity to gather the relevant documents from DOC, which cannot occur until after DOC's investigation is complete, and properly investigate this matter. Thus, the City respectfully requests a sixty day extension of time to respond to the Complaint from November 14, 2022, to January 13, 2023.

Concerning Captains Pines and Clarke, this Office must determine, pursuant to Section 50-k of the New York General Municipal Law and based on a review of the case, whether it will represent Captains Pines and Clarke. Said officers must then decide whether they wish to be represented by this Office. If so, this Office must obtain their written authorizations. Only after this process has been followed can this Office determine how to proceed in this case. See General Municipal Law § 50(k); see also Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); see also Williams v. City of New York, et al., 64 N.Y.2d 800 (1985) (noting that the decision to bestow legal representation upon individual defendants is made by the Corporation Counsel as set forth in state law).

However, the outcome of DOC's investigation may impact representation of the individually named defendants by this Office. Before this Office may assume representation of any individual defendant, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. See N.Y. Gen. Mun. Law § 50-(k); see also Mercurio, 758 F.2d at 65. Thus, this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred" before representation decisions can be made. See § 50-(k)(2); see also Mercurio, 758 F.2d at 864–65; see also Muniz v. City of New York, 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting a stay where individual defendants are pending resolution of internal agency investigation). Therefore, because DOC's investigation concerning the alleged January 7, 2022 incident is still open, this Office is unable to make representation determinations at this time, and will not be able to until the investigation is complete and closed. Accordingly, the City respectfully requests that the Court *sua sponte* extend the time for Captains Pines and Clarke to respond to the Complaint from November 14, 2022, to January 13, 2023.

The City thanks the Court for its consideration.

Respectfully submitted,

__/s/_ *Nicolette Pellegrino*_____
Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC: <u>VIA FIRST-CLASS MAIL</u>
Amaury Urena (B &C: 2412102214)
George R. Vierno Center
09-09 Hazen Street
East Elmhurst, New York 11370