

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | NICOLETTE PELLEGRINO<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2338<br>Fax: (212) 356-3509<br>npellegr@law.nyc.gov |
|---|---|---|

December 13, 2022

VIA E.C.F.
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York

      Re:    Amaury Urena v. City of New York, et al., 22-CV-01189 (VEC)(KHP)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant the City of New York ("City") in this matter.[1] The City writes (a) to provide an update on the Court's March 8, 2022 Valentin Order; (b) in accordance with the Court's November 16, 2022 Order to file a status letter by December 16, 2022; and (c) to request a stay of this matter in its entirety until thirty days after the resolution of the ongoing New York City Department of Correction ("DOC") investigation. This is the City's second request for a stay of the case. Plaintiff does not consent to this request.

      By way of relevant background, Plaintiff, who was proceeding *pro se*, filed the Complaint on February 11, 2022. (See Dkt. No. 2.) On March 8, 2022, the Court held that, "[u]nder *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997)..." and, thus, directed this Office to identify:

> (1) the John Doe correction officer who sprayed Plaintiff with a chemical agent after 7:00 p.m. on January 7, 2022; (2) the Jane Doe correction officer who was in charge of the intake post after 7:00 p.m. on January 7, 2022; and (3) any other correction officer, captain, or member of the ESU who was involved in the events occurring between January 7, 2022, and January 14, 2022.

(Dkt. No. 7.)

      On March 18, 2022, DOC Captains Pines and Clarke waived service. (See Dkt. No. 12.) However, as detailed in the City's October 12, 2022 Letter, this Office cannot presently determine representation of these defendants until the ongoing DOC investigation into the January 7, 2022 incident giving rise to this matter is concluded. (See Dkt. No. 29.)

---

[1] This case has been assigned to Assistant Corporation Counsel Mary Jane Anderson, who is not yet admitted to the New York State Bar. Ms. Anderson is handling this matter under my supervision and may be reached at (212) 356-2415 or maanders@law.nyc.gov.

On July 5, 2022, the City filed a motion to stay this action due to the ongoing DOC investigation into the January 7, 2022 incident. (See Dkt. No. 21.) The City explained that until the DOC investigation is closed, the Office will be unable to make representation decisions concerning the individually named defendants in accordance with Section 50-k of the General Municipal Law or conduct a sufficient investigation before responding to the Complaint in accordance with Rule 11 of the Federal Rules of Civil Procedure. (See id.) On July 6, 2022, the Court stayed this case until August 15, 2022. (See Dkt. No. 23.)

On August 12, 2022, the City requested an extension of time to respond to the Complaint and Valentin Order. (See Dkt. No. 25.) On August 15, 2022, the Court granted the City's request and extended the time for the City and all individually named Defendants to respond to the Complaint from August 15, 2022, to November 14, 2022, and the time to respond to the Valentin from August 15, 2022, to October 14, 2022. (See Dkt. No. 27.)

On October 12, 2022, the City partially responded to the Valentin Order and respectfully requested an extension of time to further respond and to respond to the Complaint because, *inter alia*, of the ongoing DOC investigation concerning the January 7, 2022 incident giving rise to this matter. (See Dkt. No. 29.) On October 13, 2022, the Court granted the City's request, extending the deadline for the City to further respond to the Valentin Order to December 13, 2022, and for all defendants, including Captains Pines and Clarke, to respond to the Complaint to January 13, 2023. (See Dkt. No. 30.) In addition, the Court ordered the City to file a status letter by November 14, 2022. (See id.)

On November 14, 2022, the City filed a status letter, noting that DOC's investigation concerning the January 7, 2022 incident was still ongoing. (See Dkt. No. 31.) On November 16, 2022, the Court ordered the City to "file an additional status letter by December 16, 2022." (See Dkt. No. 32.)

On November 21, 2022, Stephanie Panousieris, Esq., appeared as counsel for Plaintiff, and on November 22, 2022, Robert Howard Rickner, Esq., also appeared on Plaintiff's behalf. (See Dkt. Nos. 33, 34.)

As for an update concerning the DOC investigation, upon information and belief, the investigation into the alleged incident remains open. Relatedly, and as for this Office's response to the Valentin Order, [2] as detailed in the City's October 12, 2022 Letter, until DOC's investigation concludes, the City is unable to obtain certain relevant documentation such as the investigative file, which is anticipated to provide information concerning the identities of the "John Doe" correction officers noted in the Valentin Order. (See Dkt. No. 29.) Thus, the City is unable to further respond to the Court's March 8, 2022 Valentin Order at this time.

Accordingly, the City respectfully requests a stay of this matter in its entirety until thirty days after the DOC investigation is concluded.

---

[2] Since Plaintiff is no longer proceeding *pro se*, and because Valentin v. Dinkins applies to *pro se* litigants, this Office also respectfully requests relief from its obligations under the Valentin Order.

There are several reasons why the pending DOC investigation necessitates a stay of this action. First, the investigation may affect the representation of one or more of the individual defendants depending on the investigation's outcome. Before this Office may assume representation of the individual defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. See N.Y. Gen. Mun. Law § 50-(k); see also Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." See id.; see also Mercurio, 758 F.2d at 864-65; see also Muniz v. City of New York, 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation). However, because of the ongoing DOC investigation, this Office cannot presently make a determination as to whether each officer "was acting within the scope of his public employment" or whether this Office can represent each defendant in this action. Moreover, best practices would prevent this Office from even communicating with the individual defendants to inquire about the facts of this matter until the resolution of the proceedings. This is because if any individual defendant is found to have violated DOC procedures, there would be a conflict of interest between this Office and the officer. Indeed, if this Office assumes representation of the individual defendants before the proceedings are complete, but it later becomes apparent that any were ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off of the case. Such a result would cause significant and undue expenditure of resources and delay.

Further, upon information and belief, until the investigation concludes, both parties will have limited access to documents, recordings, and/or other information regarding the incident alleged in this case, and to any relevant materials generated by DOC during the investigation, because they are protected from disclosure by the law enforcement privilege, which was created, *inter alia*, to "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." Nat'l Congress for Puerto Rican Rights v. City of New York, et al., 99 Civ. 1694 (SAS), 2000 U.S. Dist. LEXIS 4448, **5-6 (S.D.N.Y. Apr. 7, 2000) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1998)). These same documents may also be protected from disclosure during the investigation's pendency by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted). Consequently, should a stay be denied, and should this action therefore proceed concurrently with the investigation, all parties will suffer from an informational deficit, and this Office will be unable to effectively respond to the Complaint, fully participate in court conferences, or adequately prepare discovery.

Finally, Plaintiff will not be prejudiced in the event that the case is stayed because the documents relevant to the case will have been obtained and preserved by DOC during the investigation. See generally Rosenthal v. Giuliani, 98 Civ. 8408, 2001 U.S. Dist. LEXIS 1207, at *6 (S.D.N.Y. Feb. 6, 2001) ("[A] stay in the action will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties."). Moreover, the statute of limitations on Plaintiff's federal claim does not expire until January 7, 8, and 14, 2025.

3

Accordingly, the City respectfully requests a stay of this matter in its entirety until thirty days after the resolution of the ongoing DOC investigation. The City can provide updates to the Court, and to Plaintiff, regarding the status of the investigation at whatever interval the Court desires.

The City thanks the Court for its consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*
Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: VIA E.C.F.
Stephanie Panousieris, Esq.
Robert Howard Rickner, Esq.
*Attorneys for Plaintiff*