

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **NICOLETTE PELLEGRINO**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2338<br>Fax: (212) 356-3509<br>npellegr@law.nyc.gov |

January 11, 2023

VIA E.C.F.
Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/12/2023

      Re:    Amaury Urena v. City of New York, et al., 22-CV-01189 (JHR) (KHP)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant the City of New York ("City") in this matter.[1] The City writes to respectfully remind the Court of the City's pending motion to stay this matter in its entirety and, if the Court does not stay this matter, to respectfully request: (i) an extension of time to respond to the Complaint from January 13, 2023, to March 14, 2023, and (ii) that the Court *sua sponte* grant a sixty day extension of time for New York City Department of Correction ("DOC") Captains Pines and Clarke to respond to the Complaint from January 13, 2023, to March 14, 2023.

      This is the City's third request for an extension of time to respond to the Complaint. Plaintiff's position is as follows: "It is Plaintiff's position that this action should not be unnecessarily delayed any longer, and that the City of New York should timely respond to the Complaint. Further, we object to any parties who have not appeared being granted an extension. If they need additional time to respond to the Complaint, they should appear in this Court, through counsel or pro se, and request it."

**I.**    **Relevant Background**

      On February 11, 2022, Plaintiff, who was proceeding *pro se*, filed the Complaint. (See Dkt. No. 2.)

---

[1] This case has been assigned to Assistant Corporation Counsel Mary Jane Anderson, who is not yet admitted to the New York State Bar. Ms. Anderson is handling this matter under my supervision and may be reached at (212) 356-2415 or maanders@law.nyc.gov.

On March 8, 2022, the Court held that, "[u]nder *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997)...", and, thus, directed this Office to identify:

> (1) the John Doe correction officer who sprayed Plaintiff with a chemical agent after 7:00 p.m. on January 7, 2022; (2) the Jane Doe correction officer who was in charge of the intake post after 7:00 p.m. on January 7, 2022; and (3) any other correction officer, captain, or member of the ESU who was involved in the events occurring between January 7, 2022, and January 14, 2022.

(Dkt. No. 7.)

On March 18, 2022, DOC Captains Pines and Clarke waived service. (See Dkt. No. 12.) However, as detailed in the City's October 12, 2022 Letter and December 13, 2022 Letter, this Office cannot presently determine representation of these defendants until the ongoing DOC investigation into the January 7, 2022 incident giving rise to this matter is concluded. (See Dkt. Nos. 29 and 35.)

On July 5, 2022, the City filed a motion to stay this action due to the ongoing DOC investigation into the January 7, 2022 incident. (See Dkt. No. 21.) The City explained that until the DOC investigation is closed, this Office is unable to make representation decisions concerning the individually named defendants in accordance with Section 50-k of the General Municipal Law or conduct a sufficient investigation before responding to the Complaint in accordance with Rule 11 of the Federal Rules of Civil Procedure. (See id.) On July 6, 2022, the Court stayed this case until August 15, 2022. (See Dkt. No. 23.)

On August 12, 2022, the City requested an extension of time to respond to the Complaint and Valentin Order. (See Dkt. No. 25.) On August 15, 2022, the Court granted the City's request and extended the time for the City and all individually named Defendants to respond to the Complaint from August 15, 2022, to November 14, 2022, and the time to respond to the Valentin Order from August 15, 2022, to October 14, 2022. (See Dkt. No. 27.)

On October 12, 2022, the City partially responded to the Valentin Order and respectfully requested an extension of time to further respond and to respond to the Complaint because, *inter alia*, of the ongoing DOC investigation concerning the January 7, 2022 incident giving rise to this matter. (See Dkt. No. 29.) On October 13, 2022, the Court granted the City's request, extending the deadline for the City to further respond to the Court's Valentin Order to December 13, 2022, and for all defendants, including Captains Pines and Clarke, to respond to the Complaint to January 13, 2023. (See Dkt. No. 30.)

On November 21, 2022, Stephanie Panousieris, Esq., appeared as counsel for Plaintiff, and on November 22, 2022, Robert Howard Rickner, Esq., also appeared on Plaintiff's behalf. (See Dkt. Nos. 33, 34.)

On December 13, 2023, the City filed a letter that (a) provided an update on the Valentin Order; (b) provided an update on the DOC investigation; and (c) requested a stay of this matter in its entirety. (See Dkt. No. 35.)

2

On December 20, 2022, Plaintiff opposed the City's request. (See Dkt. No. 38.)

As of today's date, the Court has not ruled on the City's request for a stay.

## II.     Update on DOC's Investigation

As for the DOC investigation, upon information and belief, the investigation into the alleged incident remains open.

## II.     Request for a Stay of this Case or for an Extension of Time to Respond to the Complaint.

As detailed in the City's December 13, 2022 Letter, there are several reasons why the pending DOC investigation necessitates a stay of this matter. (See Dkt. No. 35.) For example, until the DOC investigation is closed, this Office is unable to make representation decisions concerning the individually named defendants in accordance with Section 50-k of the General Municipal Law. (See id.) In addition, until the investigation concludes, both parties will have limited access to documents, recordings, and/or other information regarding the incident alleged in this case, and to any relevant materials generated by DOC during the investigation, because they are protected from disclosure by the law enforcement privilege. (See id.) Notably, Plaintiff will not be prejudiced by the stay because the documents relevant to the case will have been obtained and preserved by DOC during the investigation.(See id.) Accordingly, for these reasons and those detailed in the City's December 13, 2022 Letter, the City respectfully contends that a stay of this case is necessary.

However, in the event that the Court denies the City's request for a stay, an extension of time to respond to the Complaint would be necessary for various reasons. First, as detailed in previous letters, in accordance with the Office of the Corporation Counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure, the Office requires time to investigate the allegations set forth in the Complaint. (See Dkt. Nos. 21, 35.) However, as detailed in the City's July 5, 2022 Letter Application, until DOC's investigation is concluded, this Office will have limited access to any documents, recordings, or other information regarding the incident. (See Dkt. No. 35.) Thus, this Office is unable to adequately investigate Plaintiff's allegations and prepare a response to the Complaint at this time. Second, as detailed in the City's October 12, 2022 Letter concerning Captains Pines and Clarke, this Office must determine, pursuant to Section 50-k of the New York General Municipal Law and based on a review of the case, whether it will represent Captains Pines and Clarke. (See Dkt. No. 29.) However, the outcome of DOC's investigation may impact representation of the individually named defendants by the Office and, thus, the Office is unable to determine representation of the officers at this time. (See id.)

## III.    Conclusion

Accordingly, the City writes to respectfully remind the Court of the City's pending motion to stay this matter in its entirety and, if the Court does not stay this matter, to respectfully request: (i) an extension of time to respond to the Complaint from January 13, 2023, to March 14, 2023, and (ii) that the Court *sua sponte* grant a sixty day extension of time for DOC Captains Pines and Clarke to respond to the Complaint from January 13, 2023, to March 14, 2023.

The City thanks the Court for its consideration.

          Respectfully submitted,

          /s/ *Nicolette Pellegrino*
          Nicolette Pellegrino
          *Assistant Corporation Counsel*
          Special Federal Litigation Division

cc:    VIA E.C.F.
        Stephanie Panousieris, Esq.
        Robert Howard Rickner, Esq.
        *Attorneys for Plaintiff*

SO ORDERED:

*/s/ Katharine H. Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE  1/12/2023

> The City's request for a stay is DENIED. The parties shall exchange initial documents as ordered on August 15, 2022. (ECF No. 27.) Defendants' request for a 60 day extension to answer the Complaint is GRANTED. Further, the Valentin Order will continue to be in place until after a case management conference. A telephonic case management conference is scheduled for **Feburary 16, 2023 at 12:30 p.m.** Telephone Judge Parker's teleconference line at (866) 434-5269, Access code: 4858267 at the time and date of the conference.
>
> **The Clerk of Court is requested to terminate the pending motion at ECF No. 35 and ECF No. 39.**