UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMAURY URENA,<br><br>                    Plaintiff,<br><br>          -v.-<br><br>CITY OF NEW YORK et al.,<br><br>                    Defendants. | 22 Civ. 01189 (JHR) (KHP)<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

Plaintiff Amaury Urena, acting *pro se*, brings this action against Defendants the City of New York (the "City"), Captain Pines, Captain Clarke, Captain Chmut, Captain Johnson, Correctional Officer ("CO") Gordon, CO Jane Doe, and DW Jane Doe.  ECF No. 2.  Specifically, Plaintiff asserts claims of (1) excessive force, (2) deliberate indifference to medical needs, (3) violations of due process rights, (4) failure to train and supervise, and (5) municipal liability under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  *Id.*  Before the Court is the Report and Recommendation of Magistrate Judge Katharine H. Parker recommending that Defendants' motion for summary judgment be granted.  ECF No. 130.  The Court has examined the Report and Recommendation and notes that no objections have been filed.  For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Parker's recommendation.

## BACKGROUND

Plaintiff filed his Complaint on February 11, 2022.[1]  ECF No. 2.  On March 8, 2022, the Court issued an Order of Service.  ECF No. 7.  Defendants Captain Pines and Captain Clarke

---

[1] On March 1, 2022, the Honorable Laura Taylor Swain granted Plaintiff's application to proceed *in forma pauperis*.  ECF No. 5.  The case was then assigned to the Honorable Valerie E. Caproni.  In 2023, it was reassigned to this Court.

waived service on March 18, 2022, ECF No. 12, and the City waived service on March 31, 2022,[2] ECF No. 14.  The Court referred the case to Judge Parker for general pretrial purposes and for a Report and Recommendation on any dispositive motions.  ECF No, 8.

On July 16, 2024, Defendants moved for summary judgment and served Plaintiff with the motion.[3]  ECF Nos. 112, 116.  Pursuant to Judge Parker's June 25, 2024 Order, Plaintiff's opposition was due on August 26, 2024.  ECF No. 111.  Plaintiff did not file an opposition or request additional time.  On October 31, 2024, Judge Parker deemed the motion for summary judgment fully submitted.  ECF No. 124.

On December 26, 2024, Judge Parker issued a 12-page Report and Recommendation recommending that the Court grant Defendants' motion for summary judgment and dismiss all claims.  *See* ECF No. 130 at 1-2.  The Report and Recommendation notified the parties that Plaintiff would have "seventeen days" and Defendants would have "fourteen days . . . to file written objections."  *Id.* at 12.  The Report and Recommendation also cautioned that **"failure to file timely objections [would] result in a waiver of those objections for purposes of appeal."**

---

[2] On March 18, 2022, the City declined to waive service with respect to Captain Johnson, Captain Chmut, and CO Gordon because the New York City Department of Corrections was unable to identify them based on Plaintiff's description.  ECF No. 13.  On September 19, 2023, the City identified Captain Chmut and CO Gordon, ECF No. 80, but the docket does not reflect that either individual was served with the summons and complaint.  On November 14, 2023, Plaintiff "stipulated and agreed to withdraw any claims against" Captain Johnson.  ECF No. 89.  Although Captain Chmut and CO Gordon do not appear to have been served or to have waived service of process, Plaintiff's claims against them are not viable for the same reason that the Court grants summary judgment against the other Defendants:  "Plaintiff did not exhaust his administrative remedies," ECF No. 130 at 11, and the "administrative remedies have become unavailable after the prisoner had ample opportunity to use them."  *Massey v. Sapp*, No. 19 Civ. 11902 (GBD) (KNF), 2021 WL 4461825, at *5 (S.D.N.Y. Sept. 29, 2021) (quoting *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004)).

[3] On September 24, 2024, Defendants served another copy of the motion on Plaintiff after he "informed [them] that he [had] never received a copy of Defendants' motion for summary judgment."  ECF No. 122; *see* ECF No. 121.

*Id.* (emphasis in original). No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Notwithstanding a direct warning that a failure to file objections would "**result in a waiver of those objections for purposes of appeal**," ECF No. 130 at 12 (emphasis in original), Plaintiff did not file any objections to the Report and Recommendation. Thus, Plaintiff waived the right to judicial review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and

Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is well reasoned and grounded in fact and law.

Accordingly, the Report and Recommendation is adopted in its entirety, and the Court grants Defendants' motion for summary judgment. The Clerk of Court is directed to terminate all pending motions and close the case. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff at his address of record.

SO ORDERED.

Dated: March 29, 2025
       New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge